# IN THE COURT OF APPEALS OF IOWA

No. 23-0769
Filed February 19, 2025


**MOSINSKI ENTERPRISES, LLC,**
        Plaintiff-Appellee,

**vs.**

**STAR AUTO COMPANY, INC.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jefferson County, Myron Gookin,

Judge.


        A truck-repair business appeals a judgment for damages for breach of

contract. **AFFIRMED.**


        Joel Waters of Kaplan & Frese, LLP, Marshalltown, for appellant.

        Lucas C. Helling of Foss, Kuiken, Cochran, Helling & Willman, P.C.,

Fairfield, for appellee.


        Considered by Greer, P.J., and Ahlers and Badding, JJ.

**AHLERS, Judge.**

Mosinski Enterprises, LLC (Mosinski) filed suit against Star Auto Company, Inc. (Star Auto) for breach of written warranty, breach of implied warranty of fitness for a particular purpose, breach of contract, professional negligence, and fraud and misrepresentation related to the rebuilding of an engine in Mosinski's semi-truck. Following a bench trial, the district court entered judgment in favor of Mosinski on its breach-of-contract claim for $55,645.28. Star Auto appeals.

**I.      Background Facts**

The record supports the following facts. In 2018, Mosinski contacted Star Auto to rebuild the engine in Mosinski's semi-truck, which had a Caterpillar engine. Mosinski wanted the work done at Star Auto because it is a Caterpillar-certified shop that could provide a Caterpillar-backed warranty on the engine rebuild. The two parties discussed the details of the engine rebuild, and after being told a Caterpillar warranty was not obtainable for this type of engine, Mosinski accepted Star Auto's offer to warranty the engine itself. The warranty read:

> Star Auto has placed a 3 year warranty on this engine. It will be limited if the engine is determined to have run out of oil or overheated. Or any modifications to the timing or fuel system. Injectors are a one year warranty. And the rods and mains and sleeves and pistons will be a 3 year.
> Repairs must be done in this location at Star Auto otherwise labor will not be covered.

Soon after this discussion, Star Auto rebuilt the engine, and Mosinski paid the $43,407.95 invoice amount and received the signed warranty. The invoice did not note the timing or fuel settings on the engine.

After picking up the truck from the first rebuild, Mosinski immediately began experiencing problems that resulted in repeated trips back to Star Auto for repair

work under the warranty. About a year after the original rebuild, the engine was still not working well, but Mosinski operated under the assumption that the engine was just going through a "breaking in" period. But about six months later, the truck broke down again in the middle of its route. The truck was towed to Star Auto, where the shop agreed to rebuild the engine for a second time. However, one of Star Auto's co-owners informed Mosinski that this would be the last time Star Auto worked on the engine. On the invoice following the second rebuild, Star Auto noted the timing and fuel settings of the engine. When employees of Mosinski picked up the truck, a heated conversation took place in which another of Star Auto's co-owners repeated that Star Auto was no longer going to work on the engine, even though the three-year warranty on the engine work had not expired.

Less than three months later, the truck broke down again. Because Star Auto told Mosinski it would no longer work on the truck, Mosinski took the truck to a different repair place where repairs were made for which Mosinski paid. The repairs included changing the turbo and retiming the engine.

A few months later, still well within the three-year warranty period, the truck broke down again. Despite Star Auto's prior refusal to work on the engine, Mosinski called Star Auto to seek repairs under the warranty. Star Auto reminded Mosinski it had decided to part ways and Mosinski would have to find someone else to work on the engine.

Following the failed efforts to get Star Auto to work on the engine, Mosinski took the truck back to the second repair shop, where it was determined the crankshaft had broken. Based on this news, Mosinski decided to take the truck to a third engine repair shop for another engine overhaul. When the third shop was

inspecting and rebuilding the engine, it noted the timing and fuel settings of the engine were different than those Star Auto included on the invoice for the second rebuild. The third shop completed the work, and Mosinski paid for the repairs. The truck has run well since the third shop's rebuild of the engine.

Mosinski sued Star Auto seeking to recover the amounts it paid to the second and third repair shops. Following trial and posttrial motions, the district court ruled that Star Auto had repudiated the warranty by refusing to do any additional work on the engine after the second rebuild and entered judgment in Mosinski's favor for the amount claimed based on breach of contract.[1]

## II.    Standard of Review

When a breach-of-contract claim is tried at law, we review for corrections of errors at law. *Dolly Invs., LLC v. MMG Sioux City, LLC*, 984 N.W.2d 168, 173 (Iowa 2023). The district court's fact findings bind us if supported by substantial

---

[1] We note that, after the district court issued its initial ruling, Mosinski filed a motion seeking modification of the ruling pursuant to Iowa Rule of Civil Procedure 1.904(2). Before the district court ruled on the motion, Star Auto filed notice of appeal. A few days later, the district court granted Mosinski's posttrial motion. Because a posttrial motion was pending and the nonmoving party filed notice of appeal, the district court's initial ruling was interlocutory until it ruled on the posttrial motion. *IBP, Inc. v. Al-Gharib*, 604 N.W.2d 621, 628 (Iowa 2000). Because the ruling was interlocutory, no appellate court had granted interlocutory appeal, and no appellate court had stayed the district court proceedings, the district court was not deprived of jurisdiction to rule on Mosinski's rule 1.904(2) motion. *Id.* at 629. Though Star Auto had no right to appeal as a matter of right when it filed its notice of appeal, we regard the notice as an application for interlocutory appeal. *See* Iowa R. App. P. 6.151(1); *see also IBP, Inc.*, 604 N.W.2d at 628. We grant Star Auto's application. Because the district court still had jurisdiction and ruled on Mosinski's posttrial motion before we granted Star Auto's application for interlocutory appeal, there is no need for us to remand, and we consider the district court's ruling on the rule 1.904(2) motion to be part of the record and part of the district court's ruling being reviewed on appeal. *See IBP, Inc.*, 604 N.W.2d at 629–30.

evidence. *Id.* Evidence is substantial if a reasonable person would accept it as adequate to reach a conclusion. *NevadaCare, Inc. v. Dep't of Hum. Servs.*, 783 N.W.2d 459, 468 (Iowa 2010). In assessing whether evidence is substantial, we view it in the light most favorable to the district court's judgment. *Id.* The question on appellate review is whether the evidence supports the conclusion reached, not whether it would support a different one. *Id.*

## III. Analysis

On appeal, Star Auto argues the district court erred in finding their repudiation of the warranty was definite or unequivocal. Star Auto also asserts there was substantial evidence submitted to show that Mosinski had breached the warranty terms by adjusting the fuel and timing settings on the engine.

### A. Repudiation

"Anticipatory breach requires a definite and unequivocal repudiation of the contract." *Lane v. Crescent Beach Lodge & Resort, Inc.*, 199 N.W.2d 78, 82 (Iowa 1972). "Repudiation is accomplished by words or acts before the time of performance evidencing an intention to refuse to perform in the future." *Pavone v. Kirke*, 807 N.W.2d 828, 833 (Iowa 2011). A party's statement of repudiation must be sufficiently clear that the other party reasonably understands that the breach will occur; repudiation is not established merely by a negative attitude or a request for further negotiations. *Id.*

Star Auto's claim that it did not definitely and unequivocally repudiate the warranty is based on selected pieces of evidence it contends show that Star Auto simply suggested that Mosinski get a second opinion rather than Star Auto repudiating the warranty. But the evidence Star Auto highlights was contradicted

by Mosinski's evidence. More importantly, the evidence Star Auto highlights is contradicted by the district court's finding that repudiation occurred. As the district court's finding resolved the conflict in the evidence in Mosinski's favor, we are bound by its findings if they are supported by substantial evidence. *See Dolly Invs.*, 984 N.W.2d at 173.

We find the district court's findings are supported by substantial evidence. Mosinski presented evidence that, after the second rebuild, Star Auto told Mosinski that Star Auto would do no more work on the engine and the parties should part ways. There is evidence that this sentiment was repeated when Mosinski's employees went to pick up the truck and were told by the co-owner of Star Auto that Star Auto would no longer work on the engine. Further, there was evidence that, despite Star Auto's apparent repudiation, when the truck broke down a second time, Mosinski reached out to Star Auto for repairs but was told that Star Auto would not work on it because they had parted ways. The district court found this evidence persuasive and concluded that Star Auto repudiated the warranty. This evidence constitutes substantial evidence supporting the district court's finding, so we are bound by it on appeal. *See id.* Accordingly, we reject Star Auto's challenge to the finding of repudiation.

## B. Star Auto's Claim that Mosinski Breached

Next, Star Auto asserts that its performance was excused because Mosinski breached the terms of the warranty by altering the fuel and timing settings on the engine. Yet, it has long been established that when one party repudiates a contract before the time of performance, the other party is relieved from its obligation to perform. *Conrad Bros. v. John Deere Ins.*, 640 N.W.2d 231, 241 (Iowa 2001).

The district court found Star Auto refused to work on the engine following the second rebuild, leaving Mosinski no choice but to seek service elsewhere after the engine failed again. Since Star Auto had already repudiated the contract, Mosinski was no longer bound by the terms of the warranty. *See id.* The district court found no persuasive evidence that Mosinski altered the timing or fuel settings on the engine prior to the repudiation. It was only after Star Auto refused to continue working on the truck that Mosinski sought service from the second repair shop, where adjustment to the timing or fuel settings occurred in an attempt to improve the truck's functionality. Substantial evidence supports the district court's finding that no adjustments to the timing or fuel settings occurred prior to Star Auto's repudiation, so we reject Star Auto's challenge based on the claim that Mosinski breached the warranty.

## IV. Conclusion

Substantial evidence supports the district court's findings that Star Auto's repudiation was definite and unequivocal and Mosinski did not breach the terms of the warranty prior to Star Auto's repudiation. As a result, we affirm the district court's entry of judgment in favor of Mosinski on its breach-of-contract claim.

**AFFIRMED.**